IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | Cr. No. 8:02-324-HMH |
| vs. | ) | C/A No. 8:05-1494-HMH |
| | ) | |
| A. E. Williamson, Jr., | ) | **OPINION & ORDER** |
| | ) | |
| Movant. | ) | |

This matter is before the court on A.E. Williamson, Jr.'s ("Williamson") "motion requesting specific court records furnished to indigent petitioner without cost" (hereinafter "court record request motion") and "motion requesting briefing schedule and equitable time extension" (hereinafter "time extension motion") both filed on July 25, 2005.

In the court records request motion, Williamson specifically requests "1) The Pretrial Conference Motion Hearing Transcript of April 29, 200[2,] 2) The Plea Hearing Transcript of May 8, 200[2,] and 3) The G[]over[n]ment's Plea Agreement." (Court Records Request Motion at 1.) Williamson states that "[t]he Government's Answer has raised facts and argued issue[s] encompassed in" these records. (Id.)

Under certain circumstances, an indigent litigant may obtain copies of items related to his criminal prosecution at government expense if he can show that he is contemplating some non-frivolous action in federal court and that the items requested are needed for just adjudication of such action.  See 28 U.S.C.. § 753(f); United States v. MacCollom, 426 U.S. 317, 325 (1976) (stating that a district judge may order the preparation of a transcript for a movant under 28 U.S.C. § 2255 if the judge finds that the suit is not frivolous and a transcript

1

is needed to decide the issues presented).  An indigent is not entitled to free copies "merely to comb the record in the hope of discovering some flaw." United States v. Glass, 317 F.2d 200, 202 (4th Cir.1963).  Thus, to establish a constitutional right to court records, a petitioner must show a need for it.

Williamson has failed to show a particular need for the court records requested.  First, Petitioner has not shown why he would need the court records to respond to the facts and legal arguments set forth in the Government's response.  Second, the Government does not cite to or substantively rely on any "Pre-trial Conference Motion Hearing Transcript of April 29, 200[2]," "Plea Hearing Transcript of May 8, 200[2]," or "Plea Agreement" in its response to Williamson's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  For the reasons provided above, Williamson fails to show a need for the requested court records, and the court accordingly denies his court records request motion.

As to Williamson's time extension motion, Williamson states that he "is honestly uncertain" when his reply to the Government's response to his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is due.  The court grants Williamson twenty (20) days from the date of this order to file a reply to the Government's response.

 It is therefore

**ORDERED** that Williamson's court records request motion, Docket number 9, is denied.  Further, it is

**ORDERED** that Williamson's time extension motion, Docket number 10, is granted. Williamson shall have 20 days from the date of this order to file a reply to the Government's response.

2

**IT IS SO ORDERED**.


s/ Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
August 8, 2005


## NOTICE OF RIGHT TO APPEAL

The movant is hereby notified of his right to appeal <u>this order</u> as to the court's ruling on Document number 9 within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.